**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINA GABRIEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:19-cv-10426<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Now Comes Plaintiff, CHRISTINA GABRIEL, individually and on behalf of all others similarly situated, by and through her undersigned attorney, and brings this Complaint against Defendant MIDLAND CREDIT MANAGEMENT, INC.:

**I.     Parties, Jurisdiction and Venue**

1.     Plaintiff CHRISTINA GABRIEL ("Plaintiff") is a resident of Simi Valley, California and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq.

1

2. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

3. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts and MCM's principal purpose is the purchase of and collection of consumer debts.

4. MCM purchases defaulted debts from original creditors and collects the debts that it purchases. MCM also collects defaulted debts owned by Midland Funding, LLC.

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

6. This Court has federal question jurisdiction and venue pursuant to 15 U.S.C. § 6104(f) which provides that "[a]ny civil action brought under subsection (a) in a district court of the United States may be brought in the district in which the defendant is found, is an inhabitant, or transacts business or wherever venue is proper under section 1391 of title 28."

7. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

8. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

9. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

II.  **Background Allegations**

  A. **The Subject Debt**

10. Plaintiff obtained credit (the "Subject Debt") from Synchrony Bank ("Synchrony").

11. Plaintiff incurred the Subject Debt for personal and household expenses.

12. Plaintiff made certain payments towards the Subject Debt, but thereafter, she fell into unforeseeable financial difficulties which rendered her unable to pay off the Subject Debt.

13. The Subject Debt, an amount of $2,992.45, fell into a default status.

14. After the Subject Debt fell into a default status, MCM purchased the Subject Debt from Synchrony.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

16. On information and belief, the Subject Debt is not subject to arbitration because the underlying debt sale and purchase agreements merely conveyed to MCM the right to collect accounts in the form of "receivables."

**B. MCM's Collection Efforts Relative to the Subject Debt**

17. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated 11/04/2019 (hereafter the "11/04/2019 Letter").

18. The 11/04/2019 Letter was mailed to Plaintiff by MCM inside of envelope with the following language on the front of the envelope: "Time Sensitive Documents" (hereafter the "Time Sensitive Envelope" or "Envelope").

19. The words "Time Sensitive Documents" were placed in the center of the Time Sensitive Envelope.

20. Below is scanned image of the Time Sensitive Envelope:



21. When Plaintiff received the Time Sensitive Envelope, her attention was drawn to the fact that the Envelope said, "Time Sensitive Documents."

22. After reading the words "Time Sensitive Documents," Plaintiff immediately opened the Envelope in order to examine the letter contained inside of it that reportedly was time sensitive.

23. MCM sent the 11/04/2019 Letter to Plaintiff inside of the Time Sensitive Envelope in an attempt to collect the Subject Debt.

24. MCM routinely sends collection letters inside of Time Sensitive Envelopes in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

25. MCM has determined that it collects more money from consumers when it sends letters in Time Sensitive Envelopes.

26. On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in Time Sensitive Envelopes than envelopes that do not contain the words "Time Sensitive Documents."

4

### III. Causes of Action

**Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA**

27. Plaintiff realleges the above paragraphs as though fully set forth herein.

28. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

30. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

31. The use of the phrase "Time Sensitive Documents" on the Envelope violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

32. Plaintiff immediately opened the Time Sensitive Envelope because it contained the words "Time Sensitive Documents."

33. The Time Sensitive Envelope's use of the words "Time Sensitive Documents" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

34. The Time Sensitive Envelope's use of the words "Time Sensitive Documents" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

c. award Plaintiff statutory damages of up to $1,000; and

d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count I – Individual Claim for Violations of Section 1692f(8) of the FDCPA**

35. Plaintiff realleges the above paragraphs as though fully set forth herein.

36. Section 1692f of the FDCPA generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Section 1692f(8) specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

38. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8).

39. The use of the phrase "Time Sensitive Documents" on the Envelope violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

40. The Time Sensitive Envelope's use of the words "Time Sensitive Documents" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

6

41. The Time Sensitive Envelope's use of the words "Time Sensitive Documents" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated consumers.

42. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside a Time Sensitive Envelope within one year of the filing of this lawsuit.

43. MCM's use of the Time Sensitive Envelope satisfy the elements of typicality, commonality, predominance and superiority.

44. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

45. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed a form collection letter where the letters identified a debt related to a Synchrony Bank account and the collection letters were mailed inside of envelopes containing the words "Time Sensitive Documents."

46. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

47. The proposed class can be defined by MCM's records.

48. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. declare that the Time Sensitive Envelope violates the FDCPA;

b. enjoin Defendant MCM from using the Time Sensitive Envelope in conjunction with any future collection letters;

7

      c.   award class members maximum statutory damages;

      d.   award class members actual damages if they paid their subject debts after receiving a collection letter in a Time Sensitive Envelope; and

      e.   award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*

Respectfully submitted, on behalf of

Plaintiff CHRISTINA GABRIEL individually
and on behalf of all others similarly situated,

/s/ *Nicholas M. Wajda*
Nicholas M. Wajda (State Bar # 259178)
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*